1  Mildred K. O'Linn (State Bar No. 159055)
     *missy.olinn@manningkass.com*
2  Lynn L. Carpenter (State Bar No. 310011)
     *lynn.carpenter@manningkass.com*
3  Maya R. Sorensen (State Bar No. 250722)
     *maya.sorensen@maningkass.com*
4  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
5  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
6  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999

7

8  Attorneys for Defendants, CITY OF
   FRESNO, OFFICER DAVID DECHOW,
   OFFICER MARK BISHOP, OFFICER
9  GREGORY NICHOLS, OFFICER
   CAYLEE GRAVES, and [FORMER]
10 POLICE CHIEF ANDY HALL.

11

12              **UNITED STATES DISTRICT COURT**

13    **EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

14

15  ANTHONY CORONADO,                Case No. 1:22-cv-00677-JLT-BAM
                                     [*Hon. Jennifer L. Thurston, District.*
16           Plaintiff,             *Judge; Hon. Barbara A. McAuliffe,*
                                     *Mag. Judge*]
17      v.
                                     **[DISCOVERY MATTER]**
18  CITY OF FRESNO, POLICE
    OFFICER DAVID DECHOW,            **STIPULATED [PROPOSED]**
19  POLICE OFFICER MARK BISHOP,      **PROTECTIVE ORDER FOR**
    POLICE OFFICER GREGORY           **CONFIDENTIAL RECORDS**
20  NICHOLS, POLICE OFFICER
    CAYLEE GRAVES, POLICE CHIEF
21  ANDY HALL, IN HIS INDIVIDUAL
    AND OFFICIAL CAPACITY, AND
22  DOES 1-10, INCLUSIVE,,
                                     Action Filed:  06/06/2022
23           Defendants.            FAC Filed:     09/22/2022
                                     Trial Date:    Not Yet Set
24

25       **TO THE HONORABLE COURT:**

26       By and through their counsel of record in this action, Plaintiff ANTHONY

27  CORONADO ("Plaintiff") and Defendants CITY OF FRESNO, OFFICER DAVID

28  DECHOW, OFFICER MARK BISHOP, OFFICER GREGORY NICHOLS,

4855-3825-0068.1

OFFICER CAYLEE GRAVES, and [FORMER] POLICE CHIEF ANDY HALL ("Defendants") – the Parties – hereby stipulate for the purpose of jointly requesting that the Honorable Court enter a protective order regarding confidential documents in this matter and pursuant to Federal Rules of Civil Procedure Rules 5.2, 7, and 26, as well as U.S. District Court, Eastern District of California Local Rules 141, 141.1, 143, 230 and/or 251; and any applicable Orders of the Court based upon the following good cause.

## 1.    GOOD CAUSE STATEMENT.

This action is likely to involve information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Examples of this type of information implicated in this matter, include: official information from law enforcement records, relating to ongoing criminal and administrative investigations; officer personnel file records and associated investigative or confidential records; HIPAA protected medical records, including psychotherapeutic records; and, information implicating privacy rights of third parties.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

The parties jointly contend that, absent this Stipulation and its associated Protective Order, the parties' respective privacy and privilege interests may be

impaired or harmed, and that this Stipulated Protective Order may avoid such harm by permitting the parties to facilitate discovery with reduced risk that privileged and/or sensitive/confidential information will become matters of public record.  The parties further contend that there is Good Cause for this Protective Order consistent with the terms and provisions of this Stipulation so as to preserve the respective interests of the parties without the need to further burden the Court with such issues.

The parties therefore stipulate that there is Good Cause for, and hereby jointly request that the honorable Court issue/enter a Protective Order re confidential documents consistent with the terms and provisions of this Stipulated Protective Order.

### A.      PURPOSES AND LIMITATIONS.

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulation and associated Order.

The parties acknowledge that this Stipulation and associated Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the specified information or items that are entitled, under the applicable legal principles, to treatment as confidential.

The parties further acknowledge, as set forth below, that this Stipulation and Order creates no entitlement to file confidential information under seal, except to the extent specified herein; Eastern District Local Rules 141, 141.1, 143, and 251 set forth the procedures that must be followed and reflect the standards that will be applied when a party seeks permission from the court to file material under seal.

Nothing in this Stipulation or associated Order shall be construed so as to require or mandate that any Party disclose or produce privileged information or records that could be designated as Confidential Documents/Protected Material

**STIPULATED [PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL RECORDS**

1  hereunder.

2  **B.  ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER**

3  **SEAL**

4  The parties further acknowledge, as set forth in Section 7.5 (*infra*), below, that

5  this Stipulated Protective Order does not entitle them to file confidential information

6  under seal; Local Rule 141 sets forth the procedures that must be followed and the

7  standards that will be applied when a party seeks permission from the court to file

8  material under seal.   Documents that are the subject of this Stipulation and

9  accompanying Order may be filed under seal only if a sealing order is first obtained

10  in compliance with L.R. 141.

11  There is a strong presumption that the public has a right of access to judicial

12  proceedings and records in civil cases.  In connection with non-dispositive motions,

13  good cause must be shown to support a filing under seal.  *See Kamakana v. City and*

14  *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors*

15  *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc*.,

16  187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good

17  cause showing), and a specific showing of good cause or compelling reasons with

18  proper evidentiary support and legal justification, must be made with respect to

19  Protected Material that a party seeks to file under seal.  The parties' mere designation

20  of Disclosure or Discovery Material as CONFIDENTIAL does not—without the

21  submission of competent evidence by declaration, establishing that the material

22  sought to be filed under seal qualifies as confidential, privileged, or otherwise

23  protectable—constitute good cause.

24  Further, if a party requests sealing related to a dispositive motion or trial, then

25  compelling reasons, not only good cause, for the sealing must be shown, and the relief

26  sought shall be narrowly tailored to serve the specific interest to be protected.  *See*

27  *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each

28  item or type of information, document, or thing sought to be filed or introduced under

seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**2.   STIPULATION FOR PROTECTIVE ORDER RE CONFIDENTIAL RECORDS.**

**A.   DEFINITIONS.**

2.1.   <u>Action</u>: this pending federal lawsuit.

2.2.   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, agents, consultants, retained experts, house counsel and outside counsel (and/or the support staff thereof).

2.3.   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced – or generated in disclosures or responses to discovery – by any Party in this matter.

2.4.   <u>"Confidential" Information or Items</u>:  information (regardless of how it is generated, stored, or maintained) or tangible items that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c),  applicable federal privileges, and as specified above in the Good Cause Statement.  This material includes medical records, psychotherapeutic records, and autopsy photographs; peace officer personnel records as defined by California Penal Code sections 832.8, 832.5, 832.7 and the associated case law; and personal identifying information of third party

witnesses.

2.5.   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party, including a Party that has noticed or subpoenaed and is taking a deposition or comparable testimony.

2.6.   Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action, including a Party that is defending a deposition noticed or subpoenaed by another Party; additionally, for the limited purpose of designating testimony subject to this Stipulation and Order pursuant to section 6.2(b) (*infra*), a "Producing Party" shall also be construed to include a Party that is attending and/or participating in a non-party deposition noticed/subpoenaed by another Party.

2.7.   Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.8.   Protected Material:   any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" under the provisions of this Stipulation and Protective Order.  (The term "Confidential Document" shall be synonymous with the term "Protected Material" for the purposes of this Stipulation and any associated Protective Order.)

2.9.   Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their support staffs).

2.10.   House Counsel:  attorneys who are employees of a Party (as well as their support staffs).

2.10.   Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.11.   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an

employee of a Party or a competitor of a Party's; as well as any person retained, designated, or disclosed by a Party as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2) or other applicable discovery Rules or statutes.

2.12.  <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; and/or organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

### 3.    **SCOPE OF PROTECTION.**

The protections conferred by this Stipulation and its associated Order cover not only Protected Material/Confidential Documents (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and its associated Order do *not* cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

### 4.    **DURATION OF PROTECTION.**

FINAL DISPOSITION of the action is defined as the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or

reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law..  Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana,* 447 F.3d 1172*,* 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, for such materials, the terms of this protective order do not extend beyond the commencement of the trial.

## 5. <u>DESIGNATION OF PROTECTED MATERIAL AND/OR CONFIDENTIAL DOCUMENTS.</u>

### 5.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or non-party that designates information or items for protection under this Stipulation and its associated Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to

sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2.   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings, and regardless of whether produced in hardcopy or electronic form), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion that it is "CONFIDENTIAL."  The placement of such "CONFIDENTIAL" stamp on such page(s) shall not obstruct the substance of the page's (or pages') text or content.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of

the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)      for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Producing Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty (20) days to identify the specific portions of the testimony as "CONFIDENTIAL." Only those portions of the testimony that are appropriately designated as "CONFIDENTIAL" for protection within the 20 days shall be covered by the provisions of this Stipulation and its associated Protective Order.

The court reporter must affix to each such transcript page containing Protected Material the legend "CONFIDENTIAL," as instructed by the Producing Party.

(c)      for information produced in some form other than documentary, and for any other tangible items (including information produced on disc or electronic data storage device), that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying the material as "CONFIDENTIAL."

5.3.   Inadvertent Failures to Designate.  If timely corrected (preferably, though not necessarily, within 30 days of production or disclosure of such material), an inadvertent failure to designate qualified information or items as

"CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulation and its associated Order for such material.

If material is appropriately designated as "CONFIDENTIAL" *after* the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with this Stipulation and its associated Order.

5.4.   <u>Alteration of Confidentiality Stamp Prohibited</u>.  A Receiving Party shall not alter, edit, or modify any Protected Material so as to conceal, obscure, or remove a "CONFIDENTIAL" stamp or legend thereon; nor shall a Receiving Party take any other action so as to make it appear that Protected Material is not subject to the terms and provisions of this Stipulation and its associated Order.  However, nothing in this section shall be construed so as to prevent a Receiving Party from challenging a confidentiality designation subject to the provisions of section 6, *infra*.

## 6.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

6.1.   <u>Timing of Challenges</u>.   Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order in this Action.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.   <u>Meet and Confer</u>.  Prior to challenging a confidentiality designation, a Challenging Party shall initiate a dispute resolution process under Local Rule 251 by providing written notice of each specific designation it is challenging, and describing the basis (and supporting authority or argument) for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific

paragraph of the associated Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue, either in person, telephonically, or by other comparable means, but *not* by correspondence) within 14 days of the date of service of notice.

In conferring, the Challenging Party must explain the specific basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3.   <u>Judicial Intervention</u>.  If the Parties cannot resolve a confidentiality challenge without court intervention, the Challenging Party shall file and serve a motion to remove confidentiality (under the applicable rules for filing and service of discovery motions) within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute unless the parties agree in writing to a longer time.

The parties must strictly comply with Eastern District Local Rules 230 and 251 (including the joint statement re discovery dispute requirement) in any motion associated with this Protective Order.

Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.   In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and

confer requirements imposed by the preceding paragraph.

6.4    Burden of Persuasion: The burden of persuasion in any such challenge proceeding shall be on the Designating Party, regardless of whether the Designating Party is the moving party or whether such Party sought or opposes judicial intervention. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has withdrawn a confidentiality designation or waived the confidentiality designation by failing to oppose a motion to remove confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

6.5.    Withdrawal of "CONFIDENTIAL" Designation.  At its discretion, a Designating Party may remove Protected Material/Confidential Documents from some or all of the protections and provisions of this Stipulation and its associated Order at any time by any of the following methods:

(a)    Express Written Withdrawal.  A Designating Party may withdraw a "CONFIDENTIAL" designation made to any specified Protected Material/ Confidential Documents from some or all of the protections of this Stipulation and its associated Order by an express withdrawal in a writing signed by such Party (or such Party's Counsel, but not including staff of such Counsel) that specifies and itemizes the Disclosure or Discovery Material previously designated as Protected Material/Confidential Documents that shall no longer be subject to all or some of the provisions of this Stipulation and Order.  Such express withdrawal shall be effective when transmitted or served upon the Receiving Party.  If a Designating Party is withdrawing Protected Material from only some of the provisions/ protections of this Stipulation and Order, such Party must state which specific provisions are no longer to be enforced as to the specified material for which confidentiality protection hereunder is withdrawn: otherwise, such withdrawal shall be construed as a

1   withdrawal of such material from all of the protections/provisions of this Stipulation

2   and Order;

3        (b)    <u>Express Withdrawal on the Record</u>.  A Designating Party may withdraw

4   a "CONFIDENTIAL" designation made to any specified Protected

5   Material/Confidential Documents from all of the provisions/protections of this

6   Stipulation and its associated Order by verbally consenting in court proceedings on

7   the record to such withdrawal – provided that such withdrawal specifies the

8   Disclosure or Discovery Material previously designated as Protected Material/

9   Confidential Documents that shall no longer be subject to any of the provisions of this

10  Stipulation and Order.  A Designating Party is not permitted to withdraw Protected

11  Material from only some of the protections/provisions of this Stipulation and Order

12  by this method;

13       (c)    <u>Implicit Withdrawal by Publication or Failure to Oppose Challenge</u>.  A

14  Designating Party shall be construed to have withdrawn a "CONFIDENTIAL"

15  designation made to any specified Protected Material/Confidential Documents from

16  all of the provisions/protections of this Stipulation and Order by either (1) making

17  such Protected Material/Confidential Records part of the public record – including

18  attaching such as exhibits to any filing with the court without moving, prior to such

19  filing, for the court to seal such records; or (2) failing to timely oppose a Challenging

20  Party's motion to remove a "CONFIDENTIAL" designation to specified Protected

21  Material/Confidential Documents.  Nothing in this Stipulation and Order shall be

22  construed so as to require any Party to file Protected Material/Confidential Documents

23  under seal, unless expressly specified herein.

24       **7.**    <u>**ACCESS TO AND USE OF PROTECTED MATERIAL.**</u>

25       7.1.    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

26  disclosed or produced by another Party or by a non-party in connection with this case

27  only for preparing, prosecuting, defending, or attempting to settle this litigation – up

28  to and including final disposition of the above-entitled action – and not for any other

purpose, including any other litigation or dispute outside the scope of this action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation and its associated Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulation and its Order.

7.2.   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)   the Receiving Party's Outside Counsel of record in this action, as well as employees of such Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation – each of whom, by accepting receipt of such Protected Material, thereby agree to be bound by this Stipulation and Order;

(c)   Experts (as defined in this Stipulation and Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation – each of whom, by accepting receipt of such Protected Material, thereby agree to be bound by this Stipulation and Order;

(d)   the Court and its personnel;

(e)   court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation – each of whom, by accepting receipt of such Protected Material, thereby agree to be bound by this Stipulation and Order;

(f)    during their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary – each of whom, by accepting receipt of such Protected Material, thereby agree to be bound by this Stipulation and Order.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulation and its Protective Order;

(g)    the author or custodian of a document containing the information that constitutes Protected Material, or other person who otherwise possessed or knew the information; and,

(h)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3.    Notice of Confidentiality.  All witnesses, including experts, who receive a copy of this Stipulation and Order shall sign and return the ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND (Exhibit A).  Prior to producing or disclosing Protected Material/Confidential Documents to persons to whom this Stipulation and its Order permits disclosure or production (see section 8.2, *supra*), a Receiving Party shall provide a copy of this Stipulation and Order to such persons so as to put such persons on notice as to the restrictions imposed upon them herein: except that, for court reporters, Professional Vendors, and for witnesses being provided with Protected Material during a deposition, it shall be sufficient notice for Counsel for the Receiving Party to give the witness a verbal admonition (on the record, for witnesses) regarding the provisions of this Stipulation and its Order and such provisions' applicability to specified Protected Material at issue. The witness shall verbally acknowledge his or her understanding and agreement to be bound by this Stipulation and Order.

7.4.    Reservation of Rights.  Nothing in this Stipulation and Order shall be construed so as to require any Producing Party to designate any records or materials

as "CONFIDENTIAL." Nothing in this Stipulation and Order shall be construed so as to prevent the admission of Protected Material into evidence at the trial of this action, or in any appellate proceedings for this action, solely on the basis that such Disclosure or Discovery Material has been designated as Protected Material/ Confidential Documents. Notwithstanding the foregoing, nothing in this Stipulation and Order shall be construed as a waiver of any privileges or of any rights to object to the use or admission into evidence of any Protected Material in any proceeding; nor shall anything herein be construed as a concession that any privileges asserted or objections made are valid or applicable. Nothing in this Stipulation and Order shall be construed so as to prevent the Designating Party (or its Counsel or custodian of records) from having access to and using Protected Material designated by that Party in the manner in which such persons or entities would typically use such materials in the normal course of their duties or profession – except that the waiver of confidentiality provisions shall apply (see section 6.5(c), *supra*).

7.5. <u>Filing Confidential Documents Under Seal</u>. This Stipulated Protective Order does not entitle the parties to file confidential information under seal. Confidential Documents may be submitted in all law and motion proceedings before the Court if done so under seal pursuant to Federal Rules of Civil Procedure 5.2 and 26 and/or United States District Court, Eastern District of California Local Rules 141, 141.1, 143, and 251 (as applicable) and pursuant to the provisions of this Stipulation and any associated Order. If any Receiving Party attaches any Confidential Documents to any pleading, motion, or other paper to be filed, lodged, or otherwise submitted to the Court, such Confidential Document(s) shall be filed/lodged under seal pursuant to Federal Rules of Civil Procedure 5.2 and 26 and/or United States District Court, Eastern District of California Local Rules 141, 141.1, 143, and 251 to the extent applicable. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

However, this paragraph (¶ 7.5) shall not be construed so as to prevent a

Designating Party or counsel from submitting, filing, lodging, or publishing any document it has previously designated as a Confidential Document without compliance with this paragraph's requirement to do so under seal (i.e., a producing-disclosing party or counsel may submit or publish its own Confidential Documents without being in violation of the terms of this Stipulation and its Protective Order).

Furthermore, a Receiving Party shall be exempted from the requirements of this paragraph as to any specifically identified Confidential Document(s) where – prior to the submission or publication of the Confidential Document(s) at issue – the Designating Party of such specifically identified Confidential Document(s) has waived/withdrawn the protections of this Stipulation and its Order (pursuant to paragraph 6.4, *supra*).

A Receiving Party shall also be exempt from the sealing requirements of this paragraph (¶ 7.5) where the Confidential Documents/Protected Material at issue is/are **not** documents, records, or information regarding or incorporating:

(1)     private, personal information contained in peace officer personnel files (such as social security numbers, driver's license numbers or comparable personal government identification numbers, residential addresses, compensation or pension or personal property information, credit card numbers or credit information, dates of birth, tax records and information, information related to the identity of an officer's family members or co-residents, and comparable personal information about the officer or his family);

(2)     any internal affairs or comparable investigation by any law enforcement agency into alleged officer misconduct; and/or

(3)     the medical records or records of psychiatric or psychological treatment of any peace officer or party to this action; and/or

(4)     the personal identifying information of third party witnesses.

If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless

otherwise instructed by the Court.

Nothing in this paragraph shall be construed to bind the Court or its authorized staff so as to limit or prevent the publication of any Confidential Documents to the jury or factfinder, at the time of trial of this matter, where the Court has deemed such Confidential Documents to be admissible into evidence.

## 8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party, preferably (though not necessarily) by facsimile or electronic mail.  Such notification shall include a copy of the subpoena or court order at issue;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulation and its Protective Order.  Such notification shall include a copy of this Stipulation and its Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by all sides in any such situation, while adhering to the terms of this Stipulation and its Order.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.    UNAUTHORIZED    DISCLOSURE    OF    PROTECTED MATERIAL.**

9.1.    <u>Unauthorized Disclosure of Protected Material</u>.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Order, the Receiving Party must immediately:

(a) notify in writing the Designating Party of the unauthorized disclosures;

(b) use its best efforts to retrieve all copies of the Protected Material;

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

(d) request such person or persons consent to be bound by the Stipulation and Order.

9.2.    <u>Inadvertent Production of Privileged or Otherwise Protected Material</u>.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**10.    PUBLICATION OF PROTECTED MATERIAL PROHIBITED.**

10.1.    <u>Filing of Protected Material</u>.

Without advance written permission from the Designating Party, or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this action any Protected Material.  A Party that seeks

to file under seal any Protected Material must comply with the applicable Federal and Local Rules.

10.2. <u>Public Dissemination of Protected Material</u>.

A Receiving Party shall not publish, release, post, or disseminate Protected Material to any persons except those specifically delineated and authorized by this Stipulation and its Order (see section 7, *supra*); nor shall a Receiving Party publish, release, leak, post, or disseminate Protected Material/Confidential Documents to any news media, member of the press, website, or public forum (except as permitted under section 12.1 regarding filings with the court in this action and under seal).

## 11.   **FINAL DISPOSITION.**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action (defined as the dismissal or entry of judgment by the above named court, or if an appeal is filed, the disposition of the appeal), upon written request by the Producing Party, each Receiving Party must return all Protected Material to the Producing Party – whether retained by the Receiving Party or its Counsel, Experts, Professional Vendors, agents, or any non-party to whom the Receiving Party produced or shared such records or information.

As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material, regardless of the medium (hardcopy, electronic, or otherwise) in which such Protected Material is stored or retained.

In the alternative, at the discretion of the Receiving Party, the Receiving Party may destroy the Protected Material instead of returning it – unless such Protected Material is an original, in which case, the Receiving Party must obtain the Producing Party's written consent before destroying such original Protected Material.

Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within sixty (60) days of the aforementioned

written request by the Designating Party that specifically identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected material (in any medium, including any hardcopy, electronic or digital copy, or otherwise).

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda filed with the court in this action, as well as any correspondence or attorney work product prepared by Counsel for the Receiving Party, even if such materials contain Protected Material; however, any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.  This court shall retain jurisdiction in the event that a Designating Party elects to seek court sanctions for violation of this Stipulation and its Order.

**12.   MISCELLANEOUS.**

12.1. <u>Right to Further Relief</u>.   Nothing in this Stipulation and its Order abridges the right of any person to seek its modification by the Court in the future.

12.2. <u>Right to Assert Other Objections</u>.   By stipulating to the entry of a Protective Order pursuant to this Stipulation, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and its Order.  Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Stipulation and its Protective Order.

12.3. This Stipulation may be signed in counterpart and a facsimile or electronic signature shall be as valid as an original signature.

///

///

///

///

**STIPULATED [PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL RECORDS**

1    **IT IS SO STIPULATED**.

2    DATED:  March 6, 2023            **MANNING & KASS**
3                                     **ELLROD, RAMIREZ, TRESTER LLP**

4

5                                     By:  /s/ *Maya R. Sorensen*
6                                          Mildred K. O'Linn, Esq.
                                           Lynn L. Carpenter, Esq
7                                          Maya R. Sorensen, Esq.
8                                          Attorneys   for   Defendants   CITY   OF
                                           FRESNO,  POLICE  OFFICERS  DAVID
9                                          DECHOW,  MARK  BISHOP,  GREGORY
                                           NICHOLS,   CAYLEE   GRAVES,   AND
10                                         [FORMER]     POLICE     CHIEF     ANDY
11                                         HALL,   IN   HIS   INDIVIDUAL   AND
                                           OFFICIAL CAPACITY.
12

13   DATED:  March 3, 2023            **V. JAMES DESIMONE LAW**

14

15

16                                    By:  /s/ (as authorized on March 3, 2023)
17                                          V. James DeSimone, Esq.
                                            Carmen D. Sabater, Esq.
18                                          Ann Strimov Durbin, Esq.
19                                          Attorney    for    Plaintiff,    ANTHONY
                                            CORONADO
20

21

22

23

24

25

26

27

28

**STIPULATED [PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL RECORDS**

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of *Coronado v. City of Fresno, et al*.; Case No. 1:22-cv-00677-JLT-BAM.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1

## ORDER

2    Having considered the foregoing, the stipulated protective order is HEREBY

3 ADOPTED.  (Doc. 29.)  The parties are reminded that pursuant to the Local Rules

4 of the United States District Court, Eastern District of California, any documents

5 subject to the protective order to be filed under seal must be accompanied by a

6 written request which complies with Local Rule 141 prior to sealing.

7    The parties also shall consider resolving any dispute arising under the

8 stipulated protective order according to the Court's informal discovery dispute

9 procedure.

10

11 IT IS SO ORDERED.

12

   Dated:   **March 7, 2023**            /s/ *Barbara A. McAuliffe*

13                                    UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED [PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL RECORDS**