UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY CORONADO,

Plaintiff,

v.

CITY OF FRESNO, Police Officer David Dechow, Police Officer Mark Bishop, Police Officer Gregory Nichols, Police Officer Caylee Graves, Police Chief Andy Hall, in his individual and official capacity, and DOES 1- 10, inclusive,

Defendants.

Case No. 1:22-CV-00677-JLT-FJS

ORDER DENYING PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM WIHTOUT PREJUDICE

(ECF No. 61)

I. <u>INTRODUCTION</u>

On June 3, 2022, Plaintiff Anthony Coronado ("Plaintiff" or "Mr. Coronado"), brought suit against the above captioned Defendants pursuant to 42 U.S.C. 1983. (*See generally* ECF No. 1.)

From October 16, 2023, to August 22, 2025, this court stayed the case due to an ongoing criminal case in state court. (*See* ECF Nos. 33, 35, 38, 40, 43, 45.)

On August 24, 2026, Petitioner Alma Rosa Coronado ("Petitioner") filed the instant petition for an order appointing her as guardian ad litem for Plaintiff Anthony Coronado. (ECF No. 61.)

Petitioner is the sister of Plaintiff Anthony Coronado. (ECF No. 61 at 2.) Petitioner represents that she is a responsible and competent adult capable of protecting the interests of Mr. Coronado. (*Id.*) Petitioner further avers that appointment of guardian ad litem is reasonable and necessary due to Mr. Coronado's "history of traumatic brain injury and head trauma requiring brain surgery with placement of a metal plate, schizophrenia or psychosis-related conditions, PTSD-related symptoms following the June 2020 police shooting, and cognitive and memory-related difficulties, including impaired cognition, impaired memory, difficulty concentrating, difficulty remembering, delayed recall and working-memory deficits, impaired attention, disorganized and tangential thought process, paranoid delusions, hallucinations, impaired insight, and impaired judgment." (*Id.*)

Attached to the petitioner is a declaration of consent from Petitioner to act as guardian ad litem for Mr. Coronado. (*See* ECF No. 61-1.)

The court now turns to whether appointment of a guardian ad litem is appropriate in Mr. Coronado's case.

## II. LEGAL STANDARD

Under Rule 17 of the Federal Rules of Civil Procedure, a representative of an incompetent person may litigate on that person's behalf. Fed R. Civ. P. 17(c)(2). "The court is under a 'legal obligation' to consider whether an incompetent person is adequately protected." *Jurgens v. Dubendorf*, No. 2:14-cv-2780-KJM-DAD, 2015 WL 6163464, *3 (E.D. Cal. Oct. 19, 2015) (citing *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986)); *Davis v. Walker*, 745 F.3d 1303, 1310 n.6 (9th Cir. 2014). However, the obligation of the court to appoint a guardian ad litem pursuant to Rule 17(c) does not arise until after it is determined that the person to be represented is, in fact, incompetent. *AT & T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1050 (E.D. Cal. 2015).

The standard for determining competency is supplied by the law of the plaintiff's domicile. *See* Fed. R. Civ. P. 17(b)(1). Under California law, a party is incompetent "if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Golden Gate Way, LLC v. Stewart*, 2012 WL

4482053, *2 (N.D. Cal. Sept. 28, 2012) (citing *In re Jessica G.*, 93 Cal. App. 4th 1180, 1186 (2001)); *see also* Cal. Civ. Proc. Code § 372 ("When ... a person who lacks legal capacity to make decisions ... is a party, that person shall appear either by a guardian or conservator of the estate or by a guardian ad litem[.]") Typically, "a guardian will not be appointed for an adult unless the person gives consent or upon notice and a hearing." *Jurgens*, 2015 WL 6163464, *3.

Additionally, the Local Rules of the Eastern District of California provide:

> (a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. *See* Fed. R. Civ. P. 17(c).;
>
> ....
>
> (c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. Local Rule 202.

## III. DISCUSSION

The petition states that Plaintiff Anthony Coronado suffers from traumatic brain injury, schizophrenia or psychosis-related conditions, PTSD-related symptoms, and other cognitive and memory-related difficulties. (*See* ECF No. 61 at 2.) Attached to the petition is a consent statement from the Petitioner indicating that Petitioner is a competent adult able to understand and protect the rights and interests of Mr. Coronado. (ECF No. 61-1 at 2.) The consent statement further provides that Petitioner does not have an interest adverse to Mr. Coronado as a Plaintiff in this action. (*Id.* at 3.)

Notably missing from the instant petition is a statement disclosing counsel for Plaintiff's interest in the petition. *See* L.R. 202(c). Because Plaintiff has appeared through counsel in this matter, the court requires full disclosure of the terms under which the attorney was employed; whether the attorney became involved in the application at the insistence of any of the Defendants, directly or indirectly; whether the attorney stands in any relationship to Defendants;

and whether the attorney has received or expects to receive any compensation, from whom, and the amount. *See, e.g., Palomares v. City of Arvin*, No. 1:21-CV-01745-JLT-CDB, 2023 WL 2504934, at *2 (E.D. Cal. Mar. 14, 2023) (ordering same).

Moreover, the Ninth Circuit has indicated that in considering a litigant's competency the court may consider sworn declarations from the allegedly incompetent litigant, sworn declarations or letters from treating medical providers, and medical records. *See Allen v. Calderon*, 408 F.3d 1151-53, 1153 (9th Cir. 2005); *Gibson v. Hagerty Ins. Agency*, No. 1:16-CV-00677-DAD-BAM, 2017 WL 1022792, at *2 (E.D. Cal. Mar. 16, 2017). Although there is evidence before the court that Mr. Coronado may be incompetent to represent his interests, the court is reluctant to appoint Petitioner as guardian ad litem for Plaintiff based on a petition that does not comply with Local Rule 202(c) and only sets forth a single paragraph generally outlining the medical conditions Mr. Coronado suffers from. (ECF No. 61 at 2); *see also Johnson v. Johnson,* No. 1:19-CV-00105-LJO-SAB, 2019 WL 13248650, at *1-2 (E.D. Cal. Jan. 28, 2019) (declining to grant the petition in absence of medical evidence addressing the diagnosis, plan, and prognosis of alleged condition).

To ensure that the interests of Mr. Coronado are adequately protected in this action, the court will deny the petition without prejudice and allow Petitioner an opportunity to seek appointment as guardian ad litem later. *See United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986) (the court must take appropriate measures to protect the interests of the individual during the litigation). Accordingly, the court defers its inquiry into Plaintiff's competency, until the filing of a new petition.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is HEREBY ORDERED that Petitioner Alma Rosa Coronado's petition for appointment as guardian ad litem for Plaintiff Anthony Coronado (ECF No. 61) is DENIED WITHOUT PREJUDICE to the filing of a new petition that addresses the deficiencies noted above.

IT IS SO ORDERED.

Dated: **October 27, 2026**

UNITED STATES MAGISTRATE JUDGE